IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 2, 2004 Session

## MICHAEL JOHN STITTS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C03-108     Roy B. Morgan, Judge**

---

**No. W2003-02383-CCA-R3-PC  - Filed June 4, 2004**

---

The petitioner appeals his denial of post-conviction relief, alleging ineffective counsel.  Upon review, we affirm the post-conviction court's denial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Danny R. Ellis, Jackson, Tennessee, for the appellant, Michael John Stitts.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael John Stitts, was convicted of aggravated assault, a Class C felony, and received a sentence of nine years as a Range II, multiple offender.  The petitioner directly appealed his conviction, which was affirmed.  See State v. Michael John Stitts, No. W2001-02555-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 20 (Tenn. Crim. App. Jan. 10, 2003, at Jackson).  The petitioner sought post-conviction relief, which was denied after a hearing.  He now appeals and alleges that trial counsel was ineffective.

The facts herein are a summary of those recited in the direct appeal.

The petitioner's conviction resulted from an assault on Lashonda Hudson on October 1, 2000. The victim testified at trial that the petitioner was, at the time of the assault, under an order of protection which required the petitioner to refrain from contacting the victim at any location, including her home.  The victim's testimony at trial explained that the petitioner attempted entry

through a window in the victim's daughter's room. After seeing and identifying the petitioner, the victim attempted to phone 911, but was unable to due to the line being disabled. The victim stated that she then fled to her neighbor's house and that she was struck on the head with a pipe by the petitioner. The petitioner pulled her down by her hair, bruising her leg on the concrete. She was dragged by the petitioner and hit three or four times in total. One blow caused a gaping arm wound which, when healed, left a two-inch scar. The victim stated that the petitioner ran away when her neighbor appeared. The victim was then transported to the hospital.

The petitioner's jury trial resulted in acquittals of aggravated burglary and destruction of a utility line. The jury convicted the petitioner of aggravated assault while enjoined by an order of protection and aggravated assault with a deadly weapon. The two aggravated assault convictions were merged by the trial court.

The petitioner alleges on appeal that his trial counsel was ineffective in the following respects:
1. Failure to pursue an alibi defense, and
2. Failure to interview certain witnesses.

In support of his post-conviction petition, the petitioner called his trial counsel as a witness and testified himself at the post-conviction hearing.

Counsel for the petitioner was appointed to represent the petitioner at the petitioner's arraignment in February of 2001. There were two face-to-face meetings by counsel and the petitioner and numerous phone conversations conducted between the arraignment and the trial on May 30, 2001. Counsel had the transcript of the preliminary hearing transcribed. The petitioner denied his involvement in the offense and claimed to be elsewhere than at the victim's home on the night of the assault. The petitioner furnished two names to counsel as alibi witnesses. Both were interviewed, and neither had any knowledge of benefit to the petitioner's defense. Counsel admitted that no independent investigation was done to establish an alibi defense.

On May 7th, the petitioner requested the trial court to substitute counsel due to a claimed conflict that counsel had previously represented two of the petitioner's relatives. This request was denied.

Counsel stated that although the petitioner had stated he was working on providing a list of alibi witnesses, none were ever named to counsel. As a consequence, counsel did not file notice of an alibi defense. Counsel obtained discovery materials which included photographs of the victim. Counsel indicated that the pictures showed the victim was "brutally assaulted" and proved beyond question the fact that an assault had occurred. The victim's medical records were available under seal but counsel did not review them. Counsel stated that he did not interview the victim's children or her neighbor. The reason counsel gave for this conscious decision was to avoid corroboration of the victim's account of the assault. Counsel did not recall the petitioner requesting an independent medical expert to verify the victim's wounds. Counsel explained that his trial strategy was designed

to focus on the victim's inconsistent version of events as related in her preliminary hearing and trial testimony.

The petitioner testified in his own behalf. He first complained that he was not given a psychological examination, although he stated he did not request one and was not suffering from a psychological disability. The petitioner also stated his dissatisfaction that the victim's medical records were not introduced as evidence. He stated that counsel did not put forth a proper defense and indicated that he was not the offender and was not present at the victim's house. He claimed to have given counsel several witnesses who would have supported an alibi. The list included the two witnesses interviewed by counsel, as well as "Big Tina," "Little Kid," "Hey Mike," and the petitioner's sister.

The petitioner claimed that counsel did not make objections to preserve appellate issues but he could not recall specific instances due to the lack of a transcript. The petitioner stated he was not provided inspection of the discovery materials. Specifically, he denied ever seeing pictures or medical records of the victim and her statement, as well as the neighbor's statement. The petitioner acknowledged he did not know if a statement from the victim's neighbor existed.

During cross-examination, the petitioner admitted that the only persons he had named at trial as alibi witnesses were the two individuals interviewed by counsel and a DJ, "Big Tina." The petitioner acknowledged having received a copy of the preliminary hearing transcript.

At the conclusion of the petitioner's testimony, the post-conviction court set a second hearing date for consideration of any affidavits of witnesses which the petitioner desired to produce. On the date of the hearing, no affidavits had been filed and no further proof was taken. A written order denying the petition for post-conviction relief was duly entered.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below

an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Since the petitioner alleged ineffective assistance of counsel, it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence in order to get relief. Tenn. Code Ann. § 40-30-210(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

**Analysis**

The post-conviction judge's order of denial of post-conviction relief included the following:
The court further finds that there has been no affirmative showing that counsel was in any way deficient and that that there was no violation of any constitutional right or privilege of any nature and that the petitioner received effective assistance of counsel.
We agree with the determination that the petitioner received effective assistance of counsel.

The petitioner claims his alibi defense was not pursued and adequately presented by counsel. This dissatisfaction exists in the face of the petitioner's inability, even on the extended post-conviction hearing date, to supply any alibi witness that would support his preferred defense. The failure to present such a witness is fatal to this claim. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Similarly, the petitioner failed to establish that interviewing other potential witnesses would have benefitted his case. Neither the neighbor nor the petitioner's children testified at the hearing. The trial court found that counsel had interviewed the only persons named by the petitioner and that an opportunity had been extended to produce any other available witnesses.

The fact that the petitioner was found not guilty on two charges operates as some rebuttal of the claim of ineffective counsel. It appears that counsel adopted a reasonable trial strategy in an attempt to exploit inconsistencies in the victim's account of events concerning the offense. The petitioner is not entitled to second-guess a reasonable, but unsuccessful, trial strategy that is made after adequate preparation for the trial. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App.

1994).  The petitioner's inability to produce a single alibi witness, even by the post-conviction date, speaks volumes for the futility of this defense.

We affirm the post-conviction court's denial of relief and conclude that all issues raised by the petitioner are without merit.

_____
JOHN EVERETT WILLIAMS, JUDGE